y:8888/FCT/4/7/2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **Glen Brown** | : |
| **161 Camp Road** | : |
| **Pinegrove, PA 17963** | : |
|  | : |
|  | : |
| **Fair Housing Council** | :    **CIVIL ACTION** |
| **Of Suburban Philadelphia** | : |
| **225 S. Chester Road, Suite 1** | : |
| **Swarthmore, PA 19081** | : |
| *Plaintiffs* | :    **NO. 07-** |
|  | : |
| *v.* | :    **JURY TRIAL DEMANDED** |
|  | : |
| **Horning Farm Agency** | : |
| **2403 Main Street** | : |
| **Morgantown, PA 19543** | : |
|  | : |
| **Alvin Horning** | : |
| **2403 Main Street** | : |
| **Morgantown, PA 19543** | : |
|  | : |
| **Shirley May** | : |
| **2403 Main Street** | : |
| **Morgantown, PA 19543** | : |
|  | : |
|  | : |
| *Defendants* | : |

## COMPLAINT FOR DECLARATORY JUDGMENT
## INJUNCTIVE RELIEF AND DAMAGES

1.      This is an action for declaratory judgment, permanent injunctive relief and damages for discrimination in the sale of housing on the basis of familial status.  This action arises under the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601 et seq., and the Pennsylvania Human Relations Act, as amended 43 P.S. § 951 et. seq.

y:8888/FCT/4/7/2007

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred on this Court by 42 U.S.C. 3613 and by 28 U.S.C. 1331, 1343(a)(4) and 2201.  The Plaintiffs and Defendants reside and/or conduct business in the area of the district of the Eastern District of Pennsylvania court, and the acts of the Defendants out of which the Plaintiffs' claim arise were carried out within the area of  the district court.

## PARTIES

3.      Plaintiff Glen Brown is a Pennsylvania resident who purchased a mobile home from Defendants at Loags Mobile Home Park, 327 Grubb Road, #46, Elverson, PA 19520 (the "Home"), and who has been, and continues to be, adversely affected by the acts, policies and practices of Defendants.  Mr. Brown resides in Pinegrove, Pennsylvania.

4.      Plaintiff, Fair Housing Council of Suburban Philadelphia (hereinafter "FHCSP") is a nonprofit corporation organized under the laws of Pennsylvania with its principal place of business at 225 S. Chester Road, Suite 1, Swarthmore, PA 19081.  Founded in 1956, FHCSP has a purpose of ensuring the right of every individual equal access to the decent housing of his or her choice.  FHCSP provides counseling, education and direct assistance to families with fair housing issues.  It also seeks to ensure the equal availability of housing opportunities to all persons without regard to any federally or locally protected classification, including race, color, religion, gender, national origin, familial status, or handicap and takes appropriate actions to further this goal. Throughout Bucks, Chester, Delaware, Philadelphia and Montgomery Counties, Pennsylvania, FHCSP engages in activities to identify barriers to fair housing and to help counteract and eliminate discriminatory housing practices.

5.      In support of its goals, FHCSP engages in a variety of counseling, education, outreach and referral services, as well as community monitoring activities (including conducting tests for housing discrimination), throughout Bucks, Chester, Delaware, Philadelphia and Montgomery Counties.  FHCSP offers written materials on housing discrimination issues. FHCSP also provides information, speakers, and training to educate the real estate industry about its responsibilities under federal state and local fair housing laws.

6.      FHCSP public information activities have generated thousands of telephone calls from individuals who have a variety of needs with respect to fair housing issues.  Many of these individuals bring complaints of housing discrimination to FHCSP, including discrimination on the basis of familial status.  FHCSP advises these individuals on the options available to them to gain access to housing and refers them to appropriate government and community agencies for assistance and redress.  FHCSP also investigates these complaints and conducts testing for evidence of housing discrimination.

7.      On information and belief, Plaintiffs aver that Defendant Horning Farm Agency, Inc., a Pennsylvania corporation with offices at 2403 Main Street, Morgantown, PA, 19543 owns or manages Loags Mobile Home Park located in Elverson, Pennsylvania ("Mobile Home Park").

y:8888/FCT/4/7/2007

8.      On information and belief, Plaintiffs aver that Defendant Alvin Horning is an owner and an employee of Horning Farm Agency, Inc.  At all times material hereto, Mr. Horning acted as an owner, sales agent or broker for Horning Farm Agency, Inc. and acted with the actual and/or apparent authority of the owners and managers of Mobile Home Park.

9.      On information and belief, Plaintiffs aver that Defendant Shirley May is an employee of Horning Farm Agency, Inc.  At all times material hereto, Ms. May acted as a sales agent or broker for Horning Farm Agency, Inc. and acted with the actual and/or apparent authority of the owners and managers of Mobile Home Park.

10.     On information and belief, Plaintiffs aver that Defendants Horning Farm Agency, Inc. were aware of and endorsed the sale policies and practices of Defendants, Alvin Horning and Shirley May.

11.     On information and belief, all the acts and failures to act alleged herein were duly performed by and attributable to Defendants in their individual capacities.

## FACTS

12.     Mobile Home Park is located in Elverson, Pennsylvania and contains approximately 48 lots of mobile homes.

13.     Plaintiff Brown purchased a two bedroom mobile home at Mobile Home Park in 1991.

14.     Defendants placed a sign on the Mobile Home Park and have advertised in local newspapers indicating that Mobile Home Park was for occupancy by persons aged 55 years or older.

15.     Upon information and belief at least 80% of the Mobile Home Park is not occupied by persons aged 55 years older.

16.     In the summer of 2006 Plaintiff Brown decided to sell the Home, listed it for sale with Remax for $23,500 and began advertising the Home for sale in newspapers and by word of mouth to the general public.

17.     In August 2006, Defendant Alvin Horning told Plaintiff Brown that he could only sell the Home to persons aged 55 year or older or that he could sell the Home to him for one half of his sale price.

18.      In September 2006, Defendant Brown complained the FHCSP regarding the restrictions on the sale stated by Defendant Alvin Horning.

3

y:8888/FCT/4/7/2007

19.     FHCSP conducted an investigation of Defendants and had testers contact Mobile Home Park and Defendants between September 20, 2006 and October 16, 2006.  In each contact FHCSP testers were told by representatives of Mobile Home Park, including Defendant Shirley May that the homes at Mobile Home Park were for sale to persons aged 55 years of age or older, not to persons with children below the age of 18.

20.     Tests conducted by FHCSP demonstrate that Defendants have a policy of discrimination based upon familial status by stating that persons that are below the age of 55 years of age cannot buy mobile homes.

21.     The Defendants have prohibited the sale of the Home to the general public and have impaired the sale price and value of the Home.

22.     The Defendants have pursued a pattern and practice of discriminating against persons on the basis of familial status with respect to the sale of mobile homes.  These policies and practices include making housing unavailable based on familial status and discriminatory advertising based on familial status.

23.     Upon information and belief, Plaintiffs aver that the conduct of Defendants alleged herein is in reckless, wanton and willful disregard of Plaintiffs statutory and civil rights. Said Defendants have knowingly, deliberately and purposefully carried out acts with the intent to deprive Plaintiffs of their equal housing rights and frustrate FHCSP's mission and diverting resources from FHCSP.

24.     Defendants are in a position to continue to infringe the housing rights of Plaintiffs and others in a similar position to that of Plaintiffs, and it is likely that they will do so if not deterred by an injunction and by punitive damages of sufficient magnitude.

25.     As a result of Defendants' conduct, Plaintiff Brown suffered deprivation of constitutional rights, embarrassment, loss of profits and inconvenience and Plaintiff FHCSP has suffered frustration of mission, diversion of resources and other losses.   Each act of discrimination conducted in the Delaware Valley causes a setback to the good work and accomplished by the FHCSP's previous educational and outreach efforts.  As a result, the FHCSP must launch further efforts to undo the damage that the discrimination has caused. Every act of discrimination also removes value from the housing market, making the FHCSP unable to refer people to that market.

## CAUSES OF ACTION

### First Cause of Action:  Fair Housing Act

26.     By discriminating against Plaintiffs due to familial status in the manner set forth in the foregoing paragraphs, Defendants have acted in violation of Plaintiffs' rights under the Fair Housing Act of 1968, as amended, including but not limited to:

y:8888/FCT/4/7/2007

    A.   Representing to persons because of familial status that dwellings were not available for sale when such dwellings were in fact available, in violation of 42 U.S.C. 3604(a).

    B.  Discriminating in the advertising of dwellings based because of familial status in violation of 42 U.S.C. Section 3604(c);

## Second Cause of Action:  Pennsylvania Human Relations Act

27.    By discriminating against Plaintiffs due to familial status in the manner set forth in the foregoing paragraphs, Defendants have acted in violation of Plaintiffs' rights under the Pennsylvania Human Relations Act, as amended, including but not limited to:

    A.  Representing to persons because of familial status that dwellings were not available for sale when such dwellings were in fact available, in violation of 43 P.S. §995.

    B.  Discriminating in the advertising of dwellings because of familial status in violation of 43 P.S. §995

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs pray that this Honorable Court:

1. Declare Defendant's complained of actions to be in violation of the Fair Housing Act of 1968, as amended, and the Pennsylvania Human Relations Act;

2. Enjoin Defendants from continuing to discriminate on the basis of familial status against any person in violation of the Fair Housing Act of 1968, as amended and the Pennsylvania Human Relations Act;

3. Order Defendants to take such affirmative actions as will ensure their future provision of housing on a non-discriminatory basis;

4. Award to Plaintiffs appropriate compensatory and punitive damages against Defendants;

5. Award Plaintiffs reasonable attorneys' fees and costs in this action; and

6. Grant such other relief as may be just and necessary.

    \_\_\_\_ALH 4228_____
    Arthur Haywood
    HAYWOOD LLC
    Attorney for Plaintiffs

April 9, 2007